IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

UNITED STATES OF AMERICA                                              PLAINTIFF/RESPONDENT

V.                    Criminal No.   3:14-cr-30016-PKH-MEF-1
                      Civil No.      3:17-cv-03023-PKH-MEF

FERNANDO CANALES-MENDOZA                                              DEFENDANT/PETITIONER

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is Defendant/Petitioner's *pro se* petition filed pursuant to 28 U.S.C. § 2255. (Doc. 54) The United States has not been directed to file a response. The matter is ready for report and recommendation.

### I. Background

On August 27, 2014, a Criminal Complaint was filed against Defendant/Petitioner, Fernando Canales-Mendoza ("Canales-Mendoza"), alleging that on or about April 30, 2014 and May 7, 2014, Canales-Mendoza distributed methamphetamine, in violation of 21 U.S.C. § 841(a)(1). (Doc. 1) Canales-Mendoza was arrested on August 27, 2014 (Doc. 2), and he made his initial appearance before the Hon. James R. Marschewski, U.S. Magistrate Judge, on August 29, 2014 (Doc. 4).

On September 23, 2014, Canales-Mendoza was named in a four-count Indictment charging him with distribution of more than five grams of methamphetamine (Counts One and Two), possession of more than 50 grams of methamphetamine with the intent to distribute (Count Three), and conspiracy to distribute methamphetamine (Count Four). (Doc. 8) Canales-Mendoza appeared for arraignment with his appointed counsel on October 8, 2014, and he entered a not guilty plea to each count of the Indictment. (Doc. 13)

-1-

A jury trial was held on February 3-4, 2015, before the Hon. Robert T. Dawson, U. S. District Judge. (Docs. 25, 26) On February 4, 2015, the jury returned verdicts finding Canales-Mendoza guilty of all four counts as charged in the Indictment. (Docs. 27, 28)

Canales-Mendoza appeared with his counsel for sentencing on April 17, 2015. (Doc. 39) The Court made inquiry and determined that Canales-Mendoza was able to comprehend the proceedings; that he was satisfied with his counsel; that he had the opportunity to read and discuss the pre-sentence investigation report; counsel for both the United States and Canales-Mendoza were afforded the opportunity to make a statement to the Court; and, Canales-Mendoza was afforded the opportunity to make a statement and present information in mitigation of sentence. (Id.) The Court imposed a sentence of 120 months imprisonment on each count, to run concurrently; four years supervised release on Counts One and Two, five years supervised release on Count Three, and three years supervised release on Court Four, all to run concurrently; no fine; and, a total of $400.00 in special assessments. (Doc. 39, p. 2) Canales-Mendoza was advised of his appeal rights. (Id.) Judgment was entered by the Court on April 17, 2015. (Doc. 40)

Canales-Mendoza filed a direct appeal to the Eighth Circuit Court of Appeals. (Doc. 42) In a brief filed under *Anders v. California*, 386 U.S. 738 (1967), his counsel challenged the sufficiency of the evidence to support the convictions and the substantive reasonableness of the sentence. (Doc. 53-1, p. 2) In a *pro se* supplemental brief, Canales-Mendoza argued that he was eligible for safety-valve relief. (Id.) In an Opinion filed on March 30, 2016, the Eighth Circuit found that the evidence establishing three undercover buys of methamphetamine, with resale quantities involved, supported the convictions; and, as to the sentencing issues, that Canales-Mendoza failed to meet his burden of proof that he qualified for safety-valve relief, and his reasonableness challenge to his statutory

minimum sentence failed. (Id.) The Eighth Circuit's Mandate was issued on April 21, 2016. (Doc. 53)

On April 3, 2017, Canales-Mendoza filed his *pro se* petition pursuant to 28 U.S.C. § 2255. (Doc. 54) The three-page petition has been docketed as one filed under 28 U.S.C. § 2255, but it is not a standard form § 2255 petition, and it is entirely in the Spanish language. By Order entered on April 5, 2017 (Doc. 56), the Clerk was directed to forward to Canales-Mendoza a blank § 2255 form (AO 243). The Clerk did so on April 5, 2017. Canales-Mendoza was ordered to complete the § 2255 form (AO 243), in the English language, and file it with the Clerk within 30 days; and, Canales-Mendoza was informed that his failure to do so may result in the dismissal of this action. (Doc. 56) Canales-Mendoza has not filed a § 2255 form (AO 243) in the English language, nor has he responded in any way to the Court's Order.

## II. Discussion

"A prisoner in custody under sentence . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). "If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C.

§ 2255(b).

Because Canales-Mendoza has failed to present a petition pursuant to 28 U.S.C. § 2255 in the English language, and he has disobeyed a Court Order to do so, his petition should be dismissed.

Most litigation involving the requirement that pleadings in federal court must be in the English language comes from Puerto Rico. The Jones Act, codified at 48 U.S.C. § 864, provides that "[a]ll pleadings and proceedings in the United States District Court for the District of Puerto Rico shall be conducted in the English language."

The constitutionality of this requirement was considered in *United States v. Valentine*, 288 F.Supp. 957, 962-68 (D.P.R. 1968). In addressing the defendants' contention that Congress lacked constitutional authority to require that proceedings in a court which is part of the federal judicial system be conducted in English, the Court commented, "[i]n any other district court, the contention would be too patently frivolous to require an answer." 288 F.Supp. at 962. Recognizing that "[n]o other federal district court is located in a state or territory in which the primary language of a majority of the American citizens resident therein is other than English[,]" the Court also pointed out that - in contrast to Puerto Rico's local courts - the United States District Court in Puerto Rico is part of the federal judicial system. 288 F.Supp. at 963. In analyzing the issue, the Court observed that "the United States has from the time of its independence been an English-speaking nation[,]" that "there has never been any tradition of official bilingualism," that "no Continental American court, federal or state, has ever conducted its proceedings in any language other than English[,]" and it concluded that "the language requirements of [the Jones Act] 'are in agreement with and in line with the tradition that the judicial proceedings throughout the whole federal jurisdiction be conducted in the English language.'" 288 F.Supp. at 963-64 (internal citations omitted).

More recent decisions from Puerto Rico have confirmed the English language requirement. *See United States v. Rivera-Rosario*, 300 F.3d 1, *5 (1st Cir. 2002) ("It is clear, to the point of perfect transparency, that federal court proceedings must be conducted in English."); *United States v. Morales-Madera*, 352 F.3d 1, *7 (1st Cir. 2003) ("The language of the federal courts is English. Participants, including judges, jurors, and counsel, are entitled to understand the proceedings in English.") Other courts that have recently addressed the issue have similarly upheld the English language requirement. *See, e.g., Commonwealth v. Portillo*, 462 Mass. 324, 328 (2012) ("The language of our State courts, like the language of the Federal courts, is English."); *Ramirez-Solorio v. United States*, 2017 WL 2350209, *1 fn. 1 (N.D.GA. May 31, 2017) ("Federal Court filings must be in English, and documents written in another language must be filed with a translation.") Further, the Eighth Circuit, in a case involving discussions that were in Spanish, held that transcripts of those discussions as translated into English were the evidence to be considered by a jury. *United States v. Placensia*, 352 F.3d 1157, 1165 (8th Cir. 2003).

In the instant case, Canales-Mendoza filed a petition under 28 U.S.C. § 2255 written entirely in the Spanish language. He was ordered to file a standard form (AO 243) petition in the English language. He has failed to do so.

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case with prejudice on the grounds the plaintiff failed to prosecute or failed to comply with orders of the Court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630–31 (1962) (district courts possess the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* Court order," and such a dismissal may be with prejudice if there has been "'a clear record of delay or contumacious

conduct by the plaintiff.'" *Brown v. Frey,* 806 F.2d 801, 803–04 (8th Cir. 1986) (quoting *Haley v. Kansas City Star,* 761 F.2d 489, 491 (8th Cir. 1985)) (emphasis added). Dismissal with prejudice is an extreme sanction, and only to be used in cases of "willful disobedience of a Court order" or "where a litigant exhibits a pattern of intentional dely." *Hunt v. City of Minneapolis,* 203 F.3d 524, 527 (8th Cir. 2000). The Court does not, however, need to find that Plaintiff acted in bad faith, but "only that he acted intentionally as opposed to accidentally or involuntarily." *Id.* (quoting *Rodgers v. Univ. of Missouri,* 135 F.3d 1216, 1219 (8th Cir. 1998)).

Canales-Mendoza has failed to comply with the Court's Order (Doc. 56) that he submit a standard form § 2255 petition in the English language. Accordingly, this action is subject to dismissal.

### III. Conclusion

For the reasons discussed above, I recommend that Canales-Mendoza's Petition filed pursuant to 28 U.S.C. § 2255 (Doc. 54) be **DISMISSED with PREJUDICE**.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 23rd day of June, 2017.

/s/ Mark E. Ford
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE