IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

UNITED STATES OF AMERICA                                              PLAINTIFF/RESPONDENT

V.                    Criminal No.   3:14-cr-30016-PKH-MEF-1
                      Civil No.      3:17-cv-03023-PKH-MEF

FERNANDO CANALES-MENDOZA                                              DEFENDANT/PETITIONER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is Petitioner's *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 64) filed on October 10, 2017. The United States filed a response on December 19, 2017. (ECF No. 69). Petitioner has not filed a reply. The matter is ready for report and recommendation.

**I. Background**

On August 27, 2014, a Criminal Complaint was filed against Defendant/Petitioner, Fernando Canales-Mendoza ("Canales-Mendoza"), alleging that on or about April 30, 2014 and May 7, 2014, Canales-Mendoza distributed methamphetamine, in violation of 21 U.S.C. § 841(a)(1). (ECF No. 1). Canales-Mendoza was arrested on August 27, 2014 (ECF No. 2), and he made his initial appearance on August 29, 2014 (ECF No. 4). Jose Manuel Alfaro ("Alfaro"), Assistant Federal Public Defender, was appointed to represent Canales-Mendoza. (ECF No's. 4, 6).

On September 23, 2014, Canales-Mendoza was named in a four-count Indictment charging him with distribution of more than five grams of methamphetamine (Counts One and Two), possession of more than 50 grams of methamphetamine with the intent to distribute (Count Three), and conspiracy to distribute methamphetamine (Count Four). (ECF No. 8). Canales-Mendoza

appeared for arraignment with his appointed counsel on October 8, 2014, and he entered a not guilty plea to each count of the Indictment. (ECF No. 13).

A jury trial was held on February 3-4, 2015, before the Hon. Robert T. Dawson, U. S. District Judge. (ECF No's. 25, 26). On February 4, 2015, the jury returned verdicts finding Canales-Mendoza guilty of all four counts as charged in the Indictment. (ECF No's. 27, 28).

An initial PSR was prepared by the United States Probation Office on March 19, 2015. (ECF No. 33). On April 2, 2015, counsel for Canales-Mendoza advised that he had three objections to the initial PSR: (1) he objected to the inclusion of certain alias name, birthday and ID number information; (2) he objected to Paragraphs 13 through 34 and "denie[d] any wrong doing contained therein"; and, (3) he objected to Paragraph 66 and stated, for identification purposes, that he has black hair. (ECF No. 34). On April 3, 2015, the Government advised that it had no objections to the initial PSR, but it requested that additional information be added in the offense conduct section. (ECF No. 35). The information noted in the Government's request was included in Paragraph 32(a) of the final PSR. (ECF No. 36-1, p. 1). The Probation Officer noted that the alias name, date of birth, and ID number "may have been typographical errors entered by someone after one of the defendant's previous arrests; however, they are associated with his criminal record in the Access to Law Enforcement System (ATLAS) and are included in the presentence report." No amendment was made to the PSR in response to Canales-Mendoza's first objection. (*Id*.). Regarding Canales-Mendoza's second objection to the PSR, the Probation Officer reported, "[t]he defendant was found guilty of this conduct at trial," and the PSR was not changed. (ECF No. 36-1, p. 2). In response to Canales-Mendoza's third objection to the PSR, Paragraph 66 was amended to reflect that the Defendant has black hair. (*Id*.).

A final PSR was submitted to the Court on April 7, 2015. (ECF No. 36). For purposes of guideline calculation, Canales-Mendoza was determined to be accountable for 196.1 grams of actual methamphetamine. (ECF No. 36, ¶ 34). Pursuant to U.S.S.G. § 3D1.2(b), the four counts of conviction were grouped into a single group. (ECF No. 36, ¶ 39). Based on the drug quantity attributed to Canales-Mendoza, his Base Offense Level was determined to be 32. (ECF No. 36, ¶ 40). No specific offense characteristics, victim related, role in the offense, or obstruction of justice adjustments were made. (ECF No. 36, ¶¶ 41-44). No Chapter Four enhancement applied. (ECF No. 36, ¶ 46). No reduction for acceptance of responsibility was made. (ECF No. 36, ¶ 47). Canales-Mendoza's Total Offense Level was determined to be 32. (ECF No. 36, ¶ 48). Canales-Mendoza had a criminal history score of zero, placing him in Criminal History Category I. (ECF No. 36, ¶ 54). The statutory minimum term of imprisonment for counts one and two is five years and the maximum term is 40 years; for count three, the statutory minimum term of imprisonment is ten years and the maximum term is life; and, for count four, there is no statutory minimum and the maximum term is 20 years. (ECF No. 36, ¶ 79). Based upon a Total Offense Level of 32 and a Criminal History Category of I, Canales-Mendoza's advisory Guidelines range was determined to be 121 to 151 months imprisonment. (ECF No. 36, ¶ 80).

Canales-Mendoza appeared with his counsel for sentencing on April 17, 2015. (ECF No. 39). The Court made inquiry and determined that Canales-Mendoza was able to comprehend the proceedings; that he was satisfied with his counsel; that he had the opportunity to read and discuss the pre-sentence investigation report; counsel for both the United States and Canales-Mendoza were afforded the opportunity to make a statement to the Court; and, Canales-Mendoza was afforded the opportunity to make a statement and present information in mitigation of sentence. (*Id*.). The Court

imposed a sentence of 120 months imprisonment on each count, to run concurrently; four years supervised release on Counts One and Two, five years supervised release on Count Three, and three years supervised release on Court Four, all to run concurrently; no fine; and, a total of $400.00 in special assessments. (ECF No. 39, p. 2). Canales-Mendoza was advised of his appeal rights. (*Id*.). Judgment was entered by the Court on April 17, 2015. (ECF No. 40).

Canales-Mendoza filed a direct appeal to the Eighth Circuit Court of Appeals. (ECF No. 42). In a brief filed under *Anders v. California*, 386 U.S. 738 (1967), his counsel challenged the sufficiency of the evidence to support the convictions and the substantive reasonableness of the sentence. (ECF No. 53-1, p. 2). In a *pro se* supplemental brief, Canales-Mendoza argued that he was eligible for safety-valve relief. (*Id*.). In an Opinion filed on March 30, 2016, the Eighth Circuit found that the evidence establishing three undercover buys of methamphetamine, with resale quantities involved, supported the convictions; and, as to the sentencing issues, that Canales-Mendoza failed to meet his burden of proof that he qualified for safety-valve relief, and his reasonableness challenge to his statutory minimum sentence failed. (*Id*.). The Eighth Circuit's Mandate was issued on April 21, 2016. (ECF No. 53).

On April 3, 2017, Canales-Mendoza filed a *pro se* petition pursuant to 28 U.S.C. § 2255. (ECF No. 54). The petition was docketed as one filed under 28 U.S.C. § 2255, but it was not a standard form § 2255 petition, and it was entirely in the Spanish language. By Order entered on April 5, 2017 (ECF No. 56), the Clerk was directed to forward to Canales-Mendoza a blank § 2255 form (AO 243). The Clerk did so on April 5, 2017. Canales-Mendoza was ordered to complete the § 2255 form (AO 243), in the English language, and file it with the Clerk within 30 days. Canales-Mendoza was informed that his failure to do so may result in the dismissal of this action. (ECF No.

56).  Canales-Mendoza failed to file a § 2255 form (AO 243) in the English language as directed, nor did he respond in any way to the Court's Order.

Due to Canales-Mendoza's failure to file a standard form § 2255 petition in the English language as ordered, the undersigned filed a Report and Recommendation on June 23, 2017 recommending dismissal of Canales-Mendoza's § 2255 Petition.  (ECF No. 57).  No timely objections were received, and the Court entered an Order adopting the Report and Recommendation on July 13, 2017.  (ECF No. 58).  A Judgment of dismissal with prejudice was also entered on July 13, 2017.  (ECF No. 59).

On August 18, 2017, Canales-Mendoza filed a Petition to Recall and for Extension of Time.  (ECF No. 61).  In it, Canales-Mendoza alleged that he was unable to obtain a translator to help him re-file an English version of his § 2255 petition, but that he had now found someone to help him.  He asked for an extension of 45 days to do so.  (*Id*.).  By Text Only Order entered on August 25, 2017, the Court permitted Canales-Mendoza to file an English-language § 2255 motion to vacate by October 10, 2017, advising that if such motion was filed the Court would then address whether reconsideration of its prior Order (ECF No. 58) was warranted.

On October 10, 2017, Canales-Mendoza filed a Motion for Leave to Supplement 28 U.S.C. § 2255 Motion Pursuant to 28 U.S.C. § 2242 (ECF No. 63) along with his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 64) on the approved standard form and in the English language.  On October 31, 2017, the Court entered an Order (ECF No. 65) granting Canales-Mondoza's Motion for Leave to Supplement 28 U.S.C. § 2255 Motion (ECF No. 63), and the Court vacated its Order (ECF No. 58) and Judgment (ECF No. 59) dismissing Canales-Mendoza's motion to vacate.

Canales-Mendoza raises four grounds for relief in his amended § 2255 Motion:

(1) Ineffective assistance of counsel for failure to "present facts that would have reduced my mandatory minimum sentence from 10 years to 5 years, specifically the amount of drugs in the third count...." (ECF No. 64, p. 4).

(2) Only a buyer and seller relationship existed not rising to a conspiracy. Canales-Mendoza argues that counts one and two deal with the sale of drugs, and "[s]imple sales of drugs do not meet the essential elements of a conspiracy in that there is no mutual agreement to further the conspiracy." Canales-Mendoza also argues that he was prejudiced by this not being charged to the jury. (ECF No. 64, p. 5).

(3) Improper calculation of Guidelines, in that "[t]he proper enhancements and reductions, as well as the base level were incorrectly applied." (ECF No. 64, p. 7).

(4) The 18 U.S.C. § 3553 factors were not taken into consideration due to the mandatory minimum, especially the "parsimony principle." Canales-Mendoza contends "[t]his disallowed a reduction at a later time if and when the mandatory minimum is reduced." (ECF No. 64, p. 8).

The United States filed its response on December 19, 2017. (ECF No. 69). Canales-Mendoza has not filed a reply.

## II. Discussion

"A prisoner in custody under sentence . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). "If the court

finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). A thorough review of Canales-Mendoza's § 2255 Motion and the files and records of this case conclusively shows that Canales-Mendoza is not entitled to relief, and it is recommended that his § 2255 Motion be denied and dismissed with prejudice without an evidentiary hearing.

### A. Legal Standard for Ineffective Assistance of Counsel Claims

To prove a claim of ineffective assistance of counsel, a criminal defendant must demonstrate both that counsel's performance was deficient, and that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish the deficient performance prong of the *Strickland* test, one must show that counsel's representation fell below the "range of competence demanded of attorneys in criminal cases." *Id*. at 688. Review of counsel's performance is highly deferential, and there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689. Moreover, "[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland*, 466 U.S. at 690). Courts also "do not use hindsight to question counsel's performance," but instead must analyze it according to counsel's situation at the time of the allegedly incompetent act or omission. *Kenley v. Armontrout*, 937 F.2d 1298, 1303 (8th Cir. 1991). If one fails to establish deficient performance by counsel, the court need proceed no further in its analysis of an ineffective assistance

of counsel claim.  *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

To establish the prejudice prong of the *Strickland* test, one must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id*. at 694.  The United States Supreme Court has clarified that the proper prejudice analysis is whether "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) (quoting *Strickland*, 466 U.S. at 687).

### B.  Failure to Argue Mitigating Factors at Sentencing (Ground One)

Canales-Mendoza alleges that his counsel provided ineffective assistance by failing to "present facts that would have reduced his mandatory minimum sentence from 10 years to five years."  (ECF No. 64, p. 4).  This claim finds no support in the record, ignores applicable law, and otherwise has no merit.

First of all, the Court notes that Canales-Mendoza fails to explain in his § 2255 Motion what facts his counsel could have introduced that would have changed the outcome at sentencing.  Vague and conclusory allegations, unsupported by specific facts, are subject to summary dismissal.  *See Smith v. United States*, 677 F.2d 39, 41 (8th Cir. 1982); *see also Carpenter v. United States*, 720 F.2d 546, 548 (8th Cir. 1983) (conclusory allegations are insufficient to rebut the presumption of competency granted to defense counsel); and, *Hollis v. United States*, 796 F.2d 1043, 1046 (8th Cir. 1986) (vague and conclusory allegations are not sufficient to state a ground for relief under 28 U.S.C. § 2255).

Canales-Mendoza does refer to the drug quantity attributed to him on count three, stating: "88.5 grams plus 57.6 grams, does not add up to 170.4 grams. See list of drugs exhibits."  (ECF No.

64, p. 4). These drug quantities do not, however, correlate to anything in the record or as reported in the final PSR. Count Three of the Indictment charged Canales-Mendoza with knowingly and intentionally possessing with intent to distribute more than 50 grams of actual methamphetamine on or about August 27, 2014. (ECF No. 8, pp. 1-2). The Exhibit List (ECF No. 29), while showing "methamphetamine" as Exhibits 3, 6, and 9, makes no specific mention of the quantities referred to by Canales-Mendoza. At trial, DEA Special Agent Brian Rorex testified that the quantity of methamphetamine found in Canales-Mendoza's shop on August 27, 2014 was 130 grams. (ECF No. 51-1, p. 116). Xiu Liu, a forensic chemist with the DEA, testified that the net weight was actually 138.7 grams, which was 98.8% pure, for an amount of 137.0 grams of actual methamphetamine. (ECF No. 51-1, pp. 174-75). This same quantity is reported in the final PSR. (ECF No. 36, ¶ 34(c)). Thus, the evidence presented at trial, and reported in the PSR, confirms a drug quantity well in excess of 50 grams of actual methamphetamine in connection with Canales-Mendoza's conviction on Count Three.

Since the statute under which Canales-Mendoza was indicted and convicted in Count Three only requires possession with intent to distribute *more than 50 grams* of actual methamphetamine to trigger a mandatory minimum sentence of 10 years, and Canales-Mendoza was found to be in possession with intent to distribute 137.0 grams of actual methamphetamine on the date alleged in Count Three, it is unclear what additional facts his counsel could possibly have presented that would have reduced his mandatory minimum sentence. As noted above, Canales-Mendoza certainly does not specify what facts he believes his counsel should have presented that would have changed the outcome in this case. He makes no effort to explain what facts his counsel could have used to undermine the evidence of drug quantity as testified to by SA Rorex and the forensic chemist.

Canales-Mendoza has, therefore, failed to demonstrate deficient performance on the part of his counsel.

Moreover, the record shows that defense counsel did vigorously argue the issue regarding drug quantity and whether the Government had proved possession with intent to distribute more than 50 grams of methamphetamine. In his closing argument, AFPD Alfaro told the jury that Canales-Mendoza's work could explain the presence of plastic packaging and tape; that scales and baggies is not sufficient to prove intent to distribute; that nobody saw Canales-Mendoza reaching up into the ceiling where methamphetamine was found; that there was no evidence that Canales-Mendoza knew if anything was in the ceiling; that it was not shown what quantity of methamphetamine was supposedly on the desk; and, that "[i]t's entirely possible that the drugs on the desk were less than 50 grams, but we don't know that." (ECF No. 51-1, pp. 210-15). That question of fact was resolved against Canales-Mendoza by the jury's verdict finding him guilty of Count Three. (ECF No. 28, p. 3).

Defense counsel acknowledged at sentencing that Canales-Mendoza would not be entitled to any relief from the mandatory minimum sentence on Count Three by virtue of the Safety Valve (ECF No. 48, p. 6), but he did call into question the severity of the mandatory minimum sentence as it applied to Canales-Mendoza. Specifically, AFPD Alfaro encouraged the Court to consider a memo from the United States Attorney General's office in which prosecutors were discouraged from charging mandatory minimum sentence crimes against individuals that meet certain criteria, and he argued that Canales-Mendoza met those criteria. (ECF No. 48, p. 11). The Court commented that "[t]here's all sorts of discussions and all sorts of articles being written about how they're [mandatory minimum sentences] inappropriate, they're too severe, and they do - - they not only restrict, but they

severely restrict the latitude and discretion of all district court judges," but he concluded "[t]here's absolutely nothing this court can do about the mandatory minimum in this matter," and "I've got no choice but to make it the mandatory minimum, which is 120 months custody." (ECF No. 48, p. 13). AFPD Alfaro also argued the point on direct appeal, challenging the substantive reasonableness of the sentence. (ECF No. 53-1, p. 2).

Thus, the record reflects that AFPD Alfaro advocated that the proof of drug quantity was insufficient to support a conviction on Count Three at trial, and he argued against the severity of the mandatory minimum sentence to the district court and on appeal. The record simply fails to support Canales-Mendoza's claim that his counsel failed to present facts or argument that would have reduced the mandatory minimum sentence in this case.

Since Canales-Mendoza has failed to show that his counsel's performance was deficient, there is no need to address the second *Strickland* prong of prejudice. *Walker*, 324 F.3d at 1040 (if a movant fails to show deficient performance by counsel, the court need not proceed further in its analysis of an "ineffective assistance" claim).

Canales-Mendoza's first ground for relief should be denied.

**C. Sufficiency of the Evidence to Support Conviction for Conspiracy (Ground Two)**

Canales-Mendoza's second ground for relief is his assertion that "only a buyer seller relationship existed not rising to a conspiracy." (ECF No. 64, p. 5). He contends that Counts One and Two "deal with the sale of amounts of drugs," and that "[s]imple sales of drugs do not meet the essential elements of a conspiracy in that there is no mutual agreement to further the conspiracy." (*Id*.). He claims he was prejudiced when "this was not a charge to the jury." (*Id*.). The Government responds by stating this issue cannot be raised in this § 2255 proceeding because the issue was

addressed and disposed of in Canales-Mendoza's direct appeal. (ECF No. 69, p. 7). The Government is correct.

Canales-Mendoza argued at trial that the Government had failed to present evidence of his involvement in a conspiracy to distribute methamphetamine. AFPD Alfaro argued to the jury that "Mr. Canales is simply not guilty of conspiracy to distribute methamphetamine," and "there has been no evidence, no testimony that any agreement was reached." (ECF No. 51-1, p. 212). He further argued that "[t]he drugs themselves does not mean that there's an agreement." (*Id.*). AFPD Alfaro argued other aspects of the Government's case to the jury and suggested "[t]he government wants you to find Mr. Canales guilty of Count IV with no evidence." (ECF No. 51-1, p. 213). The jury, by its verdict on Count Four, found Canales-Mendoza guilty of conspiracy to distribute methamphetamine as charged in the Indictment. (ECF No. 28, p. 4).

Canales-Mendoza challenged the sufficiency of the evidence to support his convictions on direct appeal. The Eighth Circuit Court of Appeals concluded that the evidence showing three undercover buys of methamphetamine, with resale quantities involved, supported Canales-Mendoza's convictions. *United States v. Canales-Mendoza*, 638 F.App'x 574 (8th Cir. 2016) (citing *United States v. Peeler*, 779 F.3d 773, 776 (8th Cir. 2015)). (ECF No. 53-1, p. 2).

"With rare exceptions, § 2255 may not be used to re-litigate matters decided on direct appeal." *Sun Bear v. United States*, 644 F.3d 700, 702 (8th Cir. 2011) (citing *Davis v. United States*, 417 U.S. 333, 346-47 (1974)). Claims previously litigated and decided adversely to a criminal defendant on direct appeal may not be re-litigated in a § 2255 proceeding. *Woods v. United States*, 567 F.2d 861, 863 (8th Cir. 1978) (citing *Scott v. United States*, 545 F.2d 1116, 1117 (8th Cir. 1976), *cert. denied*, 429 U.S. 1111 (1977)).

The very issue now raised by Canales-Mendoza in this § 2255 proceeding was raised and decided adversely to him on direct appeal. He may not do so again now. Canales-Mendoza's second ground for relief should be denied.

### D. Sentencing Guidelines Issues Not Cognizable in § 2255 (Ground Three)

For his third ground for relief, Canales-Mendoza claims the Sentencing Guidelines were improperly calculated in his case. (ECF No. 64, p. 7). The claim is vague, conclusory, and is simply not cognizable in this § 2255 proceeding.

Canales-Mendoza fails to allege in his § 2255 Motion just how the Guidelines were incorrectly calculated in his case. He argues "[t]he proper enhancements and reductions, as well as the base level were incorrectly applied" (ECF No. 64, p. 7), but he fails to explain how. The base offense level was determined from the drug quantities testified to during the trial. (ECF No. 36, ¶¶ 34, 40). No adjustments or enhancements were made and, as Canales-Mendoza had not demonstrated acceptance of responsibility, no such reduction was made. (ECF No. 36, ¶¶ 41-47). Further, Canales-Mendoza made no objections to the Guidelines calculations set forth in the PSR at sentencing. As noted above, vague and conclusory allegations, unsupported by specific facts, are not sufficient to state a ground for relief under 28 U.S.C. § 2255. *See Hollis*, 796 F.2d at 1046; *Smith*, 677 F.2d at 41; and, *Carpenter*, 720 F.2d at 548.

Federal habeas relief is limited to cases in which the sentence was imposed in violation of the Constitution or laws of the United States, or the court was without jurisdiction to impose such sentence, or *the sentence was in excess of the maximum authorized by law*, or is otherwise subject to collateral attack. 28 U.S.C. § 2255(a) (emphasis added). Relief is available only if a prisoner demonstrates "a fundamental defect which inherently results in a complete miscarriage of justice,"

an error that "present(s) exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." *Davis v. United States*, 417 U.S. 333, 346 (1974) (internal citation omitted); *see also United States v. Gomez*, 326 F.3d 971, 974 (8th Cir. 2003) (applying standard). Canales-Mendoza was sentenced to the mandatory minimum sentence for his conviction on Count Three, thus his sentence clearly does not fall within the § 2255 provision for sentences "in excess of the maximum authorized by law."

Ordinary questions of Guidelines interpretation falling short of the "miscarriage of justice" standard to not present a proper § 2255 claim. *Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995) (internal citations omitted); *Sun Bear*, 644 F.3d at 704. Canales-Mendoza's allegation that the Guidelines were incorrectly calculated does not present a cognizable claim in this § 2255 proceeding.

Canales-Mendoza's third ground for relief should be denied.

### E. Sentencing Factors in 18 U.S.C. § 3553 (Ground Four)

For his final ground for relief, Canales-Mendoza claims the Court failed to take into account the sentencing factors set forth in 18 U.S.C. § 3553, and more specifically, that the "parsimony provision" was not considered. (ECF No. 64, p. 8). This claim is contrary to well-settled law, and the Court lacked authority to sentence Canales-Mendoza below the statutory minimum.

This precise issue has been previously decided by the Eighth Circuit Court of Appeals in *United States v. Sutton*, 625 F.3d 526 (8th Cir. 2010). Sutton, like Canales-Mendoza, was convicted of possession with intent to distribute a controlled substance, and the court imposed the statutory minimum sentence of 120 months imprisonment pursuant to 21 U.S.C. § 841(b)(1)(B). On appeal, Sutton asserted that the district court failed to recognize its authority to sentence her below the

statutory minimum. More specifically, Sutton argued that the mandatory minimum sentencing provisions of 21 U.S.C. § 841(b) conflicted with the "parsimony clause" of 18 U.S.C. § 3553(a), which states that the district court "shall impose a sentence sufficient, but not greater than necessary to comply with the specific purposes set forth" in § 3553(a)(2). Like Canales-Mendoza in this case, Sutton contended that 120 months imprisonment was "greater than necessary" to accomplish the underlying purposes of sentencing. *Id*. at 528.

The Eighth Circuit concluded that the district court did not err by sentencing Sutton to the minimum term of imprisonment required by 21 U.S.C. § 841(b), noting that *United States v. Booker*, 543 U.S. 220 (2005), which declared the Sentencing Guidelines effectively advisory and directed the courts to fashion sentences in accordance with § 3553(a), "does not expand the district court's authority to impose a sentence below a statutory minimum." *Id*. (citing *United States v. Williams*, 474 F.3d 1130, 1131 (8th Cir. 2007).

Also similar to *Sutton*, Canales-Mendoza cannot demonstrate that he is entitled to relief from the statutory minimum pursuant to either 18 U.S.C. § 3553(e) ("substantial assistance") or § 3553(f) ("safety valve"). Canales-Mendoza did not provide substantial assistance to the Government in the investigation or prosecution of any other person, and he refused to provide information that would have entitled him to safety valve relief. (ECF No. 48, p. 6). Because neither § 3553(e) nor § 3553(f) apply, this Court lacked authority to sentence Canales-Mendoza below the statutory minimum term of 120 months imprisonment.

"The factors set forth in § 3553(a) must be considered only for the purpose of deciding where the court should sentence within the statutory range." *Id*. at 529 (internal citation omitted). This Court did that. Judge Dawson stated, "I have reviewed all the sentencing factors set out in 3553(a),

and I would intend to vary, depart, or - - from those guidelines," but he recognized that "I've got no choice but to make it the mandatory minimum, which is 120 months custody." (ECF No. 48, p. 13). The Court's Statement of Reasons also reflects this analysis and the one-month downward variance from the low end of the Guidelines range (121 to 151 months) to 120 months imprisonment. (ECF No. 41).

Canales-Mendoza's fourth ground for relief should be denied.

### F.  No Evidentiary Hearing Is Warranted

A movant is not entitled to an evidentiary hearing on a § 2255 motion if "the motion and the files and records of the case conclusively show that the [movant] is entitled to no relief." *Nguyen v. United States*, 114 F.3d 699, 703 (1997) (quoting *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985)); 28 U.S.C. § 2255(b). Such are the circumstances in this case. Accordingly, the summary dismissal of Canales-Mendoza's § 2255 Motion without an evidentiary hearing is recommended.

### G.  No Certificate of Appealability is Warranted

A Certificate of Appealability may issue under 28 U.S.C.§ 2253 only if the applicant has made a substantial showing of the denial of a constitutional right. A "substantial showing" is one demonstrating that reasonable jurists could debate whether the petition should have been resolved in a different manner or the issues presented deserved further proceedings even though the petitioner did not prevail on the merits in the court considering his case at present. *Slack v. McDaniel*, 529 U.S. 473 (2000). Canales-Mendoza has not made a substantial showing of the denial of a constitutional right, and a Certificate of Appealability should be denied.

### III. Conclusion

For the reasons discussed above, it is recommended that Canales-Mendoza's amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (ECF No. 64) be **DISMISSED with PREJUDICE**. It is further recommended that a request for a Certificate of Appealability be denied.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 8th day of January 2018.

/s/ *Mark E. Ford*
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE